1  David R. Shane, Esq. [SBN: 109890]
   Robert J. Taitz, Esq. [SBN: 168334]
2  SHANE & TAITZ
   1000 Drakes Landing Road, Suite 200
3  Greenbrae, California 94904-3027          E-filing
   Telephone: 415/464-2020
4  Facsimile: 415/464-2024

5  Attorneys for Plaintiff
   COMMONWEALTH ANNUITY AND LIFE
6  INSURANCE COMPANY f/k/a ALLMERICA
   FINANCIAL LIFE INSURANCE AND ANNUITY CO.
7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12

13  COMMONWEALTH ANNUITY AND      )  CV 08        1739
    LIFE INSURANCE COMPANY f/k/a  )
14  ALLMERICA FINANCIAL LIFE      )  Case No. _____
    INSURANCE AND ANNUITY CO.,    )
15                                )                    EDL
           Plaintiff,             )
16                                )  **Complaint for
       vs.                        )  Damages for
17                                )  Breach of Contract**
    JOHN DALESSIO; RITA DALESSIO; and )
18  the DALESSIO FAMILY 2003 TRUST,   )
                                  )
19         Defendants.            )
                                  )
20

21

22

23         Plaintiff COMMONWEALTH ANNUITY AND LIFE INSURANCE COMPANY

24  f/k/a ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO. hereby complains of

25  defendants JOHN DALESSIO, RITA DALESSIO and the DALESSIO FAMILY 2003 TRUST,

26  inclusive, and each of them, and for cause of action, alleges as follows:

27

28

## **General Allegations**

1.      Plaintiff COMMONWEALTH ANNUITY AND LIFE INSURANCE COMPANY was formerly known as ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO. [hereafter "plaintiff" or "Commonwealth"].  Commonwealth is a corporation organized and existing under the laws of the State of Massachusetts.

2.      Plaintiff is informed and believes and thereon alleges that defendants JOHN DALESSIO, an individual [hereafter "John Dalessio"], and RITA DALESSIO, an individual [hereafter "Rita Dalessio"], are husband and wife residing in the City of Carmel, County of Monterey, California.

3.      Plaintiff is informed and believes and thereon alleges that defendant the DALLESIO FAMILY 2003 TRUST [hereafter the "Dalessio Family Trust"] is a trust created and existing pursuant to the laws of the State of California.

4.      This court has diversity jurisdiction as there is complete diversity between the plaintiff and the defendants in this action, and the amount in controversy exceeds $75,000.00.

5.      At all times herein mentioned, defendants, and each of them, were the agents and/or representatives of each of the remaining defendants, and in doing the things alleged herein, were acting within the course and scope of said agency and representation. Plaintiff alleges on information and belief that each and every wrongful act complained of herein by defendants, and each of them, was done with the approval, express or implied, of each of the other defendants, and each defendant ratified and approved the acts and/or omissions of the other defendants.

## First Cause of Action
### [Breach of Contract]

6.      On or about November 30th, 2006, plaintiff and defendant John Dalessio entered into a Settlement Agreement and General Release [hereafter the "Settlement Agreement"], a true and correct copy of which is attached hereto as Exhibit A. Said written Settlement Agreement set forth with specificity the terms and conditions of the resolution and settlement of the then-active litigation entitled *Allmerica Financial Life Insurance and Annuity Company vs. John Dalessio* pending in the United States District Court for the Northern District of California and numbered therein as C96-00385-VRW [referred to in Exhibit A hereto and in this Complaint as the "Action"].

7.      After a jury trial that started on May 22, 2006 in the aforementioned Action, a verdict was entered in favor of plaintiff against John Dalessio in the amount of $245,228.09 in compensatory damages and in the amount of $300,000.00 in punitive damages.

8.      The court in the aforementioned Action filed a "Judgment" on June 21, 2006. A true and correct copy of said "Judgment" is attached hereto as Exhibit B. A "Notice of Entry of Judgment" was entered on June 26, 2006. Attached hereto as Exhibit C is a true and correct copy of the "Notice of Entry of Judgment" filed on June 26, 2006. Said Judgment was in the amount of $245,228.09 in compensatory damages with interest thereon from the period of December 18, 1995 to the present, and $300,000.00 in punitive damages plus interest thereon post-judgment.

9.      The Settlement Agreement attached hereto as Exhibit A sets forth the terms of the negotiated recovery of the monies John Dalessio owed to plaintiff.

10.     The Settlement Agreement set forth in Paragraph 1 (**Parties**) that as executed, the Settlement Agreement was binding on John Dalessio and "anyone connected to him, including his heirs, estate, assigns, family, representatives, successors, employees and agents." The Settlement Agreement further provided that the terms of the Settlement Agreement apply "regardless of any other provisions of law or writings including, but not

1    limited to, California laws, the terms of the Dalessio Family [2003] Trust, any agreements oral

2    or written between Dalessio and his wife, or any other contract or trust."

3                 11.      Said Settlement Agreement contained terms in Paragraph 4

4    (**Payment**), that John Dalessio was to pay to plaintiff the amount of $165,000.00 concurrently

5    with the execution of the Settlement Agreement and that John Dalessio would pay an

6    additional $100,000.00 with accrued interest thereon at the rate of six (6%) percent per

7    annum within one year of the execution of the Settlement Agreement.

8                 12.      The Settlement Agreement provided that if John Dalessio failed to pay

9    the amounts of money as specified in Paragraph 4 of the Settlement Agreement that he

10    would be in breach of the terms and conditions of said Settlement Agreement and, hence,

11    will be immediately held liable for the full amount past due, including interest, and that John

12    Dalessio will also be responsible for all attorney fees to enforce the recovery of the money

13    owed in the event of said breach.

14                 13.      After John Dalessio paid to plaintiff the $165,000.00 upon execution of

15    the Settlement Agreement, beginning on November 30, 2007 and continuing thereafter,

16    defendants, and each of them, wrongfully breached the terms and conditions of the

17    Settlement Agreement by John Dalessio's failure to provide plaintiff with payment in the

18    amount of $100,000.00 together with accrued interest thereon at the rate of six (6%) percent

19    per annum.

20                 14.      As a direct and proximate result of the wrongful conduct, acts,

21    omissions and practices, and the failures to act by defendants, and each of them, as

22    aforesaid, plaintiff has suffered financial damages in the amount of $100,000.00 plus interest

23    thereon at the rate of six (6%) percent per annum as well as attorney fees and litigation

24    expenses in an attempt n to recover said money.

25                                          **Prayer**

26               WHEREFORE plaintiff Commonwealth Annuity and Life Insurance Company

27    prays f/k/a Allmerica Financial Life and Insurance Annuity Co. prays for judgment against

28    defendants John Dalessio, Rita Dalessio and the Dalessio Family 2003 Trust, as follows:

1.   Damages in the amount of approximately $100,000.00;

2.   For interest thereon at the rate of six (6%) percent per annum;;

3.   For reasonable attorney fees pursuant to contract;

4.   For costs of suit/litigation incurred herein; and

5.   For such other and further relief as the court may deem to be proper.

DATED: March 28, 2008

SHANE & TAITZ

By: _____

David R. Shane
Attorneys for Plaintiff
Commonwealth Annuity
and Life Insurance Company
f/k/a Allmerica Financial
Life Insurance and Annuity Co.

## Settlement Agreement and General Release

### 1.  Parties:

This is a Confidential Settlement Agreement and General Release ["Agreement"] between and among **John Dalessio** ["John Dalessio" or "Dalessio"] and **Allmerica Financial Insurance and Annuity Co.** ["Allmerica"], and each of the past, present and future officers, directors, stockholders, attorneys, agents, representatives, employees, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, assigns and parents of Allmerica, and all other persons, partnerships, corporations, associates and other legal entities with whom any of the foregoing have been, are now, or may hereafter be, affiliated (all of whom are hereinafter collectively referred to as "Allmerica"). This Settlement Agreement and General Release applies to Dalessio and anyone connected to him, including his heirs, estate, assigns, family, representatives, successors, employees and agents (all of whom are hereinafter collectively referred to in this Settlement Agreement and General Release with the word "Dalessio"). In the event of his death, the terms of this Settlement Agreement and General Release still apply. The terms of this Settlement Agreement and General Release will apply regardless of any other provisions of law or writings, including but not limited to, California laws, the terms of the Dalessio Family Trust, any agreements, oral or written, between Dalessio and his wife or any other contract or trust.

### 2.    **Recitals:**

This Agreement is made with reference to the following facts:

2.1    Certain disputes and controversies have arisen between and among the parties hereto.

2.2    Such disputes and controversies include, but are not limited to, certain claims, demands or causes of action set forth by Allmerica in a civil action filed in the United States District Court for the Northern District of California entitled, *Allmerica Financial Insurance and Annuity Co. vs. John Dalessio*, No. C 96-0385 [hereinafter the "Action"].

2.3    It is the intention of the parties hereto to settle and dispose of, fully and completely, any and all claims, demands or causes connected with or incidental to the dealings between the parties hereto prior to the effective date hereof, including without limitation the generality of the foregoing, any and all claims, demands or causes of action reflected in the civil Action referred to in Paragraph 2.2 above.

### 3.    **General Release and Promise:**

Each party hereby releases and fully and forever discharges each other party from any and all claims, demands or causes of action, defenses, liens, agreements, contracts, obligations, controversies, costs, expenses, damages, judgments, orders and liabilities of whatever kind and nature, in law, equity, or otherwise connected with or incidental to the dealings between the parties as of the effective date hereof including, without

limitation or the generality of the foregoing, any and all claims and demands relating to the Action referenced in Paragraph 2.2. In addition, the parties agree to dismiss with prejudice the Action referenced in Paragraph 2.2.

3 .1    All parties to this Agreement specifically waive the benefit of the provisions of § 1542 of the *Civil Code* of the State of California, which provide as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

3. 2    The general releases herein shall become effective upon the execution hereof, and shall remain effective and binding notwithstanding any breach by either party of any provision of this Agreement.

### 4.    **Payment:**

Concurrent with the execution hereof Dalessio shall pay to Allmerica the sum of One Hundred and Sixty-Five Thousand ($165,000.00) Dollars. Dalessio also will provide Allmerica with a note that provides that one year from the date of this Agreement or before, Dalessio shall pay to Allmerica the sum of One Hundred Thousand ($100,000.00) Dollars, together with accrued interest thereon calculated at the rate of six percent (6%) per annum. The parties agree that the note shall be secured by a second deed of trust secured by property owned by the Dalessio Family 2003 Trust, said

property located at 16 Via Las Encinas, Carmel Valley, California 93924. As

part of this Agreement, Dalessio is required to fully cooperate with the

creation, recording and execution of a lien on said property located at 16 Via

Las Encinas, Carmel Valley, California 93924 and that if he fails to do so that it

will be a breach of this Agreement. Further, said property cannot be

transferred, encumbered, sold or have any change in the nature of ownership

without notice to Allmerica. If Dalessio fails to pay the balance owed with

interest within one year after the execution of this Agreement, Dalessio will

be in breach of this Settlement Agreement and General Release. If Dalessio

breaches this Settlement Agreement and General Release, Dalessio will

immediately be liable for the full amount, including interest, and Dalessio will

also be responsible for any and all attorney fees to enforce recovery of money

in the event of a breach. For the avoidance of doubt, in the event of a breach,

Dalessio will also be responsible for attorney fees and costs incurred by

Allmerica to enforce recovery and which includes any action to enforce or to

collect on any lien.

### 5.    **Representations and Warranties:**

Each of the parties to this Agreement represents and warrants

to, and agrees with, each other party hereto, as follows:

5.1    Each party has adequate knowledge of the facts and 1aw

with respect to the advisability of making the settlement provided for within,

with respect to the advisability of executing this Agreement, and with respect

to the meaning of California *Civil Code* § 1542.

5.2    No party (nor any officer, agent, employee, representative, or attorney of or for any party) has made any statement or representation to any other party regarding any fact relied upon in entering into this Agreement, and each party does not rely upon any statement, representation, omission or promise of any other party (or of any officer, agent, employee, representative or attorney for any other party) in executing this Agreement or in making the settlement provided for herein, except as expressly stated in this Agreement.

5.3    Each party to this Agreement has made such investigation of the facts pertaining to this settlement and this Agreement, and of all the matters pertaining thereto, as the party deems necessary.

5.4    Each party or responsible officer thereof has read this Agreement and understands the contents hereof.

5.5    In entering into this Agreement and the settlement provided for herein, each party assumes the risk of any misrepresentation, concealment or mistake. If any party should subsequently discover that any fact which that party relied upon in entering into this Agreement was untrue, or that any fact was concealed from that party, or that party's understanding of the facts or of the law was incorrect, such party shall not be entitled to any relief in connection therewith including, without limitation on the generality of the foregoing, any alleged right or claim to set aside or rescind this

Agreement. This Agreement is intended to be and is final and binding between the parties hereto, regardless of any claims of misrepresentation, promise made without the intention to perform, concealment of fact, mistake of fact or law, or of any circumstance whatsoever.

5.6     Each party has not heretofore assigned, transferred or granted, nor purported to assign, transfer or grant, any of the claims, demands or causes of action disposed of by this Agreement.

5.7     Each party is aware that it may hereafter discover claims or facts in addition to or different from those it now knows or believes to be true with respect to the matters related herein concerning the dealings of the parties prior to the effective date hereof. Nevertheless, it is the intention of the parties to fully, finally and forever settle and release all such matters, and all claims relative thereto, which do now exist, or have existed between them prior to the effective date thereof. In furtherance of such intention, the release given herein shall be and remain in effect as a full and complete release of all such matters, despite the discovery or existence of any additional or different claims of fact relative thereto.

5.8     The parties will execute all such further and additional documents as shall be reasonable, convenient, necessary or desirable to carry out the provisions of this Agreement.

5.9     The parties warrant that they will dismiss with prejudice any claims or legal action filed against any of the parties released herein

concerning the issues raised by the Action referenced in Paragraph 2.2 of this Agreement.

### 6. Nature of Settlement:

6 .1     All terms and conditions of this Agreement shall remain confidential. The parties shall not discuss or disclose the amounts agreed upon or other terms of this settlement with anyone except each other, their attorneys and accountants, and immediate family members, who shall be instructed to maintain such confidentiality according to the terms of this Agreement. It is further agreed that none of parties or their representatives will cause to be issued any press release or other statement regarding this settlement. The parties each agree not to disclose to any third party any document they have obtained relating to the other party, including but not limited to, medical records.

6.2     This Agreement effects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by any party hereto of any liability of any kind to any other party nor as an admission against interest. Each of the parties hereto denies any liability in connection with any claim and intends hereby solely to avoid litigation and buy its peace.

### 7. Miscellaneous:

7 1     This Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of

the parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the State of California.

7.2    This Agreement is the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Agreement may be amended only by an agreement in writing, signed by all parties hereto.

7.3    This Agreement is binding upon and shall inure to the benefit of the parties hereto, their respective agents, employees, representatives, officers, directors, divisions, subsidiaries, affiliates , assigns, heirs, current and former spouses, children, successors-in-interest, shareholders and professional corporations.

7.4    Each party has cooperated in the drafting and preparation of this Agreement. This Agreement therefore shall not be construed against any party on the basis of that party's participation in the drafting and preparation of this Agreement.

7.5    In the event of litigation hereafter arising from or relating to this Agreement, the prevailing party shall be entitled to reasonable attorney fees and costs.

7.6    This Agreement may be executed in counterpart, and when each party has signed and delivered at least one such counterpart, each counterpart shell be deemed an original, and, when taken together with the

other signed counterpart, shall constitute one Agreement which shall be

blinding upon and effective as to all parties.

Dated: October 12 , 2006     ALLMERICA FINANCIAL LIFE
                                     INSURANCE AND ANNUITY CO.

By: _____
Its: Counsel _____

November
Dated: ~~October~~ 30, 2006     _____
                                        JOHN DALESSIO

**Approved As To Form and Content**

SHANE & TAITZ

By: _____
      David R. Shane
      Attorneys for Allmerica
      Financial Life Insurance and
      Annuity Co.

DOHERTY & KERLEY, LLP

By: _____
      Edward Kerley
      Attorneys for John Dalessio

FILED

2006 JUN 21  PM 12: 19

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY, | No   C  96-0385  VRW |
| Plaintiff, | JUDGMENT |
| v | |
| JOHN DALESSIO, | |
| Defendant. | |

This action came on for trial before the court and a jury on May 22, 2006, Honorable Vaughn R Walker presiding, and those issues not decided by the court having been duly tried, and plaintiff having elected the remedy to which it is entitled

//
//
//
//
//

1         **IT IS SO ORDERED AND ADJUDGED that**

2         **Plaintiff Allmerica Financial Life Insurance and Annuity**

3 **Company recover of defendant John Dalessio $245,228.09 with**

4 **interest thereon for the period of December 18, 1995, through entry**

5 **of judgment at the legal rate provided by California law,**

6 **$300,000.00 in punitive damages, post-judgment interest on all sums**

7 **at the rate provided by federal law and its costs of action.**

8

9

10

11 **DATED:**   **21 JUN 2006**          **By:** *Cara Delpi*

12                             **Clerk of Court**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Allmerica Financial Life Ins,

Plaintiff,

v.

Dalessio,

Defendant.

_____/

Case Number: C96-0385 VRW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 21, 2006, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David R. Shane
Robert Taitz
Shane & Taitz
1000 Drakes Landing Road, Ste 200
Greenbrae, CA 94904-3027

Francis X. Doherty
Doherty & Kerley LLP
36 Woodland Avenue, Suite C
San Rafael, CA 94901

Dated: June 21, 2006

Richard W. Wieking, Clerk
By: Cora Delfin, Deputy Clerk

1   David R. Shane, Esq. [SBN: 109890]
      Robert J. Taitz, Esq. [SBN: 168334]
2   SHANE & TAITZ
      1000 Drakes Landing, Suite 200
3   Greenbrae, California 94904
      Telephone: 415/464-2020
4   Facsimile: 415/464-2024

5   Attorneys for Plaintiff/Counter-
      Defendant ALLMERICA FINANCIAL
6   LIFE INSURANCE AND ANNUITY COMPANY

7

8

       ORIGINAL FILED

       JUN 26  AM 11: 53

       CLERK, U.S. DISTRICT COURT
       NORTHERN DISTRICT OF CALIFORNIA

### UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12   ALLMERICA FINANCIAL LIFE
      INSURANCE AND ANNUITY COMPANY,

13             Plaintiff,

14             vs.

15   JOHN DALESSIO,

16             Defendant.

17

Case No. 96-00385 VRW

**NOTICE OF**
**ENTRY OF JUDGMENT**

18

19

20        PLEASE TAKE NOTICE that based upon the Jury's Verdict at the completion

of the trial of the above-entitled action, a Judgment was entered on June 21, 2006, an
21
endorsed-filed copy of which is attached hereto as Exhibit 1.
22

23        Dated: June 23, 2006

24                 SHANE & TAITZ

25

26                 By: _____

27                    David R. Shane
                     Attorneys for Plaintiff
28                    ALLMERICA FINANCIAL LIFE
                   INSURANCE AND ANNUITY COMPANY



FILED

2006 JUN 21  PM 12: 19

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST OF CA.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALLMERICA FINANCIAL LIFE                No    C   96-0385   VRW
INSURANCE AND ANNUITY COMPANY,
                                              JUDGMENT
                   Plaintiff,

              v

JOHN DALESSIO,

                   Defendant.
_____/

          This action came on for trial before the court and a jury
on May 22, 2006, Honorable Vaughn R Walker presiding, and those
issues not decided by the court having been duly tried, and
plaintiff having elected the remedy to which it is entitled,

//
//
//
//
//

1    IT IS SO ORDERED AND ADJUDGED that

2        Plaintiff Allmerica Financial Life Insurance and Annuity

3    Company recover of defendant John Dalessio $245,228.09 with

4    interest thereon for the period of December 18, 1995, through entry

5    of judgment at the legal rate provided by California law,

6    $300,000.00 in punitive damages, post-judgment interest on all sums

7    at the rate provided by federal law and its costs of action.

8

9

10

11    DATED: _____21 JUN 2006_____        By: _Cera Lulp_____

12                                        Clerk of Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Allmerica Financial Life Ins,

Plaintiff,

v.

Dalessio,

Defendant.

/

Case Number: C96-0385 VRW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 21, 2006, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David R. Shane
Robert Taitz
Shane & Taitz
1000 Drakes Landing Road, Ste 200
Greenbrae, CA 94904-3027

Francis X. Doherty
Doherty & Kerley LLP
36 Woodland Avenue, Suite C
San Rafael, CA 94901

Dated: June 21, 2006

Richard W. Wieking, Clerk
By: Cora Delfin, Deputy Clerk

# PROOF OF SERVICE BY U.S. MAIL

### *Allmerica Financial, etc. vs. Dalessio, et al.*

I hereby declare that I am employed in the County of Marin, State of California. I am over eighteen years and not a party to the within cause; my business address is Shane & Taitz, 1000 Drakes Landing Road, 2nd Floor, Suite 200, Greenbrae, California 94904-3027.

On June 23, 2006, I served upon the interested parties hereto the within document, described as:

### Notice of Entry of Judgment

by enclosing said document in sealed envelopes at Greenbrae, California. I am readily familiar with the firm's practice of collection and processing of items for mailing. Under said practice, each item is deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Greenbrae, California, during the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation/meter date is more than one day after the date of deposit for mailing in an affidavit. The items mailed are addressed, as follows:

Francis X. Doherty, Esq.         Courtesy Copy to:
DOHERTY & KERLEY, llp       JOHN DALESSIO
36 Woodland Avenue, Suite C     16 Via Las Encinas
San Rafael, California 94901      Carmel Valley, California 93924
Telephone: 415/453-2300         Telephone: 831/659-7046
Facsimile: 415/257-8586          Facsimile: 831/659-7046 [call before faxing]

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

This declaration was executed on June 23rd, 2006 at Greenbrae, Marin County, California.

Molly B. Libbey

Proof of Service by U.S. Mail

JS 44 (Rev. 12/07) (cand rev 1-16-08)
Case 4:08-cv-01739-CW   Document 1   Filed 04/01/2008   Page 1 of 1
EDL

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
COMMONWEALTH ANNUITY COMPANY AND LIFE INSURANCE COMPANY f/k/a ALLMERICA FINANCIAL INSURANCE AND ANNUITY CO.

**DEFENDANTS**
JOHN DALESSIO; RITA DALESSIO; and DALLESSIO FAMILY (2003) TRUST

(b) County of Residence of First Listed Plaintiff **State of Massachusetts**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**E-filing**

(c) Attorney's (Firm Name, Address, and Telephone Number)
David R. Shane, Esq. [SBN: 109890]
SHANE & TAITZ
1000 Drakes Landing Road, Suite 200
Greenbrae, California 94904-3027
415/464-2020
Fax: 415/464-2024

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State. | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R.& Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | **LABOR** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 861 HIA(1395ff) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | | |
| | | | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Complete diversity between plaintiff and defendants in this action and amount in controversy exceeds $75,000.

Brief description of cause:
Complaint to collect monies pursuant to this Court's Judgment dated 6/21/06 in Case No. C96-0385 VRW

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000.00
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE: March 28, 2008

SIGNATURE OF ATTORNEY OF RECORD
David R. Shane