David R. Shane, Esq. [SBN: 109890]
Robert J. Taitz, Esq. [SBN: 168334]
SHANE & TAITZ
1000 Drakes Landing Road, Suite 200
Greenbrae, California 94904-3027
Telephone: 415/464-2020
Facsimile: 415/464-2024

Attorneys for Plaintiff and Counter-Defendant
COMMONWEALTH ANNUITY AND LIFE INSURANCE
COMPANY f/k/a ALLMERICA FINANCIAL LIFE INSURANCE
AND ANNUITY CO.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMONWEALTH ANNUITY AND LIFE INSURANCE COMPANY f/k/a ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO.,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JOHN DALESSIO; RITA DALESSIO; and the DALESSIO FAMILY 2003 TRUST,<br><br>　　　　　　Defendants.<br>_____<br>JOHN DALESSIO; RITA DALESSIO and the DALESSIO FAMILY (2003) TRUST,<br><br>　　　　　　Counter-Claimants,<br>　vs.<br><br>COMMONWEALTH ANNUITY AND LIFE INSURANCE COMPANY f/k/a ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY, a Delaware corporation; DAVID SHANE, an individual; VAUGHN R. WALKER, an individual; ANN SPARKMAN, an individual; and DOES 1 through 20,<br><br>　　　　　　Counter-Defendants.<br>_____ | Case No. CV 08 1739 EDL<br><br>**Answer to Counterclaim** |

∥　∥　∥　∥　∥

---

Answer to Counterclaim　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1

Plaintiff and counter-defendant COMMONWEALTH ANNUITY AND LIFE INSURANCE COMPANY f/k/a ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO. [hereafter referred to as "Allmerica"] by and through its counsel herein, for itself, alone, and no other defendant, submits the following Answer to the unverified Counterclaim of counter-claimants John Dalessio ["hereafter referred to as "John Dalessio"], Rita Dalessio [hereafter referred to as "Rita Dalessio"] and the Dalessio Family (2003) Trust [hereafter referred to as "Dalessio Family Trust"] [hereafter collectively referred to as the "counter-claimants"], as follows :

## Answer

### Jurisdiction and Parties

1.  Answering Paragraph 26, Allmerica denies the allegations contained therein.

2.  Answering Paragraph 27, Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

3.  Answering Paragraph 28, Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

4.  Answering Paragraph 29, Allmerica admits the allegations contained therein.

5.  Answering Paragraph 30, Allmerica admits that David Shane is a California resident. Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained therein and, therefore, denies the same.

6.  Allmerica is not able to respond to Paragraph 31 since there is no Paragraph 31 contained in the Counterclaim.

‖ ‖ ‖ ‖ ‖

‖ ‖ ‖ ‖ ‖

**Count One**

7. Answering Paragraph 32, Allmerica hereby repeats and incorporates its responses to Paragraphs 26 through 31 of said Counterclaim as if fully set forth herein.

8. Answering Paragraph 33, Allmerica admits that statements made in an application did not accurately describe his health and that the policy contained certain terms which speak for themselves. Except as expressly admitted herein Allmerica denies the remaining allegations contained therein.

9. Answering Paragraph 34, Allmerica admits that there was a jury trial in 2006. Except as expressly admitted herein Allmerica denies the remaining allegations contained therein.

10. Answering Paragraph 35, Allmerica denies that Dalessio's first request to delay anything was when he sought to delay the trial. As to the remaining allegations Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

11. Answering Paragraph 36, Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

12. Answering Paragraph 37, Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

13. Answering Paragraph 38, Allmerica admits that Judge Walker ordered that witnesses be excluded from the courtroom. Except as expressly admitted herein Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

14. Answering Paragraph 39, Allmerica denies the allegations contained therein.

15. Answering Paragraph 40, Allmerica denies the allegations contained therein.

16. Answering Paragraph 41, Allmerica denies the allegations contained therein.

17. Answering Paragraph 42, Allmerica admits that certain post trial motions were filed. Except as expressly admitted herein Allmerica denies the remaining allegations contained therein.

18. Answering Paragraph 43, Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein concerning why Dalessio chose to settle and what he did with "certainty." and, therefore, denies the same. As to the remaining allegations contained in this paragraph Allmerica denies them.

19. Answering Paragraph 44, Allmerica denies the allegations contained therein.

20. Answering Paragraph 45, Allmerica denies the allegations contained therein.

21. Answering Paragraph 46, Allmerica denies the allegations contained therein.

22. Answering Paragraph 47, Allmerica denies the allegations contained therein.

23. Answering Paragraph 48, Allmerica denies the allegations contained therein.

. **Count Two**

24. Answering Paragraph 49, Allmerica hereby repeats and incorporates its responses to Paragraphs 26 through 48 of said Counterclaim as if fully set forth herein.

25. Answering Paragraph 50, Allmerica denies the allegations contained therein..

26. Answering Paragraph 51, Allmerica denies the allegations contained therein.

‖ ‖ ‖ ‖ ‖

27. Answering Paragraph 52, Allmerica denies the allegations contained therein.

### Count Three

28. Answering Paragraph 53, Allmerica hereby repeats and incorporates its responses to Paragraphs 26 through 52 of said Counterclaim as if fully set forth herein.

29. Answering Paragraph 54, Allmerica admits the that the parties entered into a settlement agreement. The terms of the settlement agreement speak for themselves. As to the remaining allegations contained in this paragraph Allmerica denies them.

30. Answering Paragraph 55, Allmerica admits that Dalessio did pay $165,000 as set forth in the settlement agreement. As to the remaining allegations contained in this paragraph Allmerica denies them. e allegations contained therein.

31. Answering Paragraph 56, Allmerica denies the allegations contained therein.

32. Answering Paragraph 57, Allmerica denies the allegations therein contained.

### Count Four

33. Answering Paragraph 58, Allmerica hereby repeats and incorporates its responses to Paragraphs 26 through 57 of said Counterclaim as if fully set forth herein.

34. Answering Paragraph 59, Allmerica denies that an entity known as Allmerica Financial Corporation, Inc. ever existed. Allmerica admits that Allmerica Financial Corporation is now known as The Hanover Insurance Group, Inc. ("THG"), which is a Delaware corporation with its principal place of business in Worcester, Massachusetts. THG is a publicly traded holding company which does not transact business on its own. Except as expressly admitted herein Allmerica denies the remaining allegations contained therein.

35. Answering Paragraph 60, Allmerica Financial Life Insurance Company (n/k/a Commonwealth Annuity and Life Insurance Company) was at one time, but is no longer, a wholly owned subsidiary of Allmerica Financial Corporation (n/k/a The Hanover

Insurance Group, Inc.). Except as expressly admitted herein Allmerica denies the remaining allegations contained therein.

36. Answering Paragraph 61, Allmerica admits that Allmerica Financial Life Insurance and Annuity Company's name was changed from SMA Life Assurance Company in or about 1995. Except as expressly admitted herein, Allmerica denies the remaining allegations contained therein.

37. Answering Paragraph 62, Allmerica denies the allegations contained therein.

38. Answering Paragraph 63, Allmerica admits that Dalessio met with agent Gong in March 1988 and that a policy was purchased. Except as expressly admitted herein, Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

39. Answering Paragraph 64, Allmerica states that the policy speaks for itself. Except as expressly admitted, Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

40. Answering Paragraph 65, Allmerica admits that Dalessio signed an authorization that speaks for itself. Except as expressly admitted, Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

41. Answering Paragraph 66, Allmerica admits that there was a medical examination. Except as expressly admitted herein, Allmerica denies the allegations contained therein.

42. Answering Paragraph 67, Allmerica denies the allegations contained therein.

43. Answering Paragraph 68, Allmerica admits that a request was made to Dr. Cornfield; the contents of such request speaks for itself. Except as expressly admitted, Allmerica is without knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations contained therein and, therefore, denies the same.

44. Answering Paragraph 69, Allmerica denies the allegations therein contained.

45. Answering Paragraph 70, admits that a request was made for financial information. Except as expressly admitted, Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

46. Answering Paragraph 71, Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

47. Answering Paragraph 72, this allegation is in conflict with statements by Dalessio. Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

48. Answering Paragraph 73, Allmerica admits that annual premiums were paid. Except as expressly admitted, Allmerica denies the allegations contained therein.

49. Answering Paragraph 74, Allmerica denies the allegations therein contained.

50. Answering Paragraph 75, Allmerica denies the allegations therein contained.

51. Answering Paragraph 76, Allmerica denies the allegations therein contained.

52. Answering Paragraph 77, Allmerica admits that Dalessio provided answers to health questions. Such form speaks for itself. Except as expressly admitted, Allmerica denies the allegations contained therein.

53. Answering Paragraph 78, Allmerica admits that Karen Love has made certain claims, the truth of which are disputed. Except as expressly admitted, Allmerica denies the allegations contained therein.

|| || || || ||

54. Answering Paragraph 79, Allmerica admits that Dalessio identified Dr. Cornfield as his treating physician.  Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of how Dalessio was referred to Dr. Cornfield or what was contained in the psychiatrist's notes, and therefore, denies the same.  Except as expressly admitted or not known, Allmerica denies the allegations contained therein.

55. Answering Paragraph 80, Allmerica admits that Dalessio purchased a policy from SMA the terms of which speak for themselves.  Allmerica admits that Dalessio purchased other policies.  Except as expressly admitted, Allmerica denies the allegations contained therein.

56. Answering Paragraph 82, Allmerica admits that Dalessio claims to have a distinguished career as set forth therein.  Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained therein and, therefore, denies the same.

57. Answering Paragraph 83, Allmerica denies the allegations therein contained.

58. Answering Paragraph 84, Allmerica denies the allegations therein contained.

59. Answering Paragraph 85, Allmerica denies the allegations therein contained.

60. Answering Paragraph 86, Allmerica admits that there was deposition testimony; the record speaks for itself.  Except as expressly admitted, Allmerica denies the allegations contained therein.

61. Answering Paragraph 87, Allmerica admits that there was deposition testimony; the record speaks for itself.  Except as expressly admitted Allmerica denies the allegations contained therein.

62. Answering Paragraph 88, Allmerica denies the allegations contained therein.

\\ \\ \\ \\ \\

63. Answering Paragraph 89, Allmerica admits that there were court proceedings and a record was made; the record speaks for itself. Except as expressly admitted, Allmerica denies the allegations contained therein.

64. Answering Paragraph 90, Allmerica admits that there were court proceedings and a record was made; the record speaks for itself. Except as expressly admitted, Allmerica denies the allegations contained therein.

65. Answering Paragraph 91, Allmerica denies the allegations contained therein.

66. Answering Paragraph 92, Allmerica admits that medical reports were made in 1993 but that the summaries alleged are incomplete and therefore flawed. For this reason, Allmerica denies the allegations contained therein.

67. Answering Paragraph 93, Allmerica denies the allegations contained therein.

68. Answering Paragraph 94, Allmerica denies the allegations contained therein.

69. Answering Paragraph 95, Allmerica admits that there were court proceedings and a record was made; the record speaks for itself. Except as expressly admitted, Allmerica denies the allegations contained therein.

70. Answering Paragraph 96, Allmerica denies the allegations contained therein.

70. Answering Paragraph 97, Allmerica denies the allegations contained therein.

71. Answering Paragraph 98, Allmerica denies the allegations contained therein.

72. Answering Paragraph 99, Allmerica denies the allegations contained therein.

73. Answering Paragraph 100, Allmerica denies the allegations contained therein.

74. Answering Paragraph 101, Allmerica denies the allegations contained therein.

75. Answering Paragraph 102, Allmerica admits that there were court proceedings and a deposition of Kwasniak; the record speaks for itself. Except as expressly admitted, Allmerica denies the allegations contained therein.

76. Answering Paragraph 103, Allmerica denies the allegations contained therein.

77. Answering Paragraph 104, Allmerica denies the allegations contained therein.

78. Answering Paragraph 105, Allmerica denies the allegations contained therein.

79. Answering Paragraph 106, Allmerica denies the allegations contained therein.

80. Answering Paragraph 107, Allmerica denies the allegations contained therein.

81. Answering Paragraph 108, Allmerica denies the allegations contained therein.

82. Answering Paragraph 109, Allmerica denies the allegations contained therein.

83. Answering Paragraph 110, Allmerica denies the allegations contained therein.

84. Answering Paragraph 111, Allmerica denies the allegations contained therein.

85. Answering Paragraph 112, Allmerica admits that it must conduct an impartial investigation. The record speaks for itself as to what Judge Walker found. Except as expressly admitted, Allmerica denies the allegations contained therein.

86. Answering Paragraph 113, Allmerica denies the allegations contained therein.

87. Answering Paragraph 114, Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

88. Answering Paragraph 115, Allmerica denies the allegations contained therein.

89. Answering Paragraph 116, Allmerica denies the allegations contained therein.

90. Answering Paragraph 117, Allmerica denies the allegations contained therein.

91. Answering Paragraph 118, Allmerica denies the allegations contained therein.

92. Answering Paragraph 119, Allmerica states that the court filings speak for themselves.  Except as contained in the court filings, Allmerica denies the allegations contained therein.

93. Answering Paragraph 120, Allmerica denies the allegations contained therein.

94. Answering Paragraph 121, Allmerica cannot know what Dalessio claims to have learned even if what he claims to have learned is false.  As such, Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

95. Answering Paragraph 122, Allmerica denies the allegations contained therein.

96. Answering Paragraph 123, Allmerica states that the court filings speak for themselves.  Except as contained in the court filings, Allmerica denies the allegations contained therein.

97. Answering Paragraph 124, Allmerica states that the court record speaks for itself. Except as contained in the record, Allmerica denies the allegations contained therein.

98. Answering Paragraph 125, Allmerica states that the court record speaks for itself. Except as contained in the record, Allmerica denies the allegations contained therein.

99. Answering Paragraph 126, Allmerica states that the court record speaks for itself. Except as contained in the record, Allmerica denies the allegations contained therein.

100. Answering Paragraph 127, Allmerica states that the court record speaks for itself. Except as contained in the record, Allmerica is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and, therefore, denies the same.

101. Answering Paragraph 128, Allmerica states that the court filings speak for themselves. Except as contained in the court filings, Allmerica denies the allegations contained therein.

102. Answering Paragraph 129, Allmerica states that the court filings speak for themselves. Except as contained in the court filings, Allmerica denies the allegations contained therein.

103. Answering Paragraph 130, Allmerica denies the allegations contained therein.

104. Answering Paragraph 131, Allmerica denies the allegations contained therein.

105. Answering Paragraph 132, Allmerica denies the allegations contained therein.

106. Answering Paragraph 133, Allmerica states that the terms of the policy speak for themselves and that Allmerica acted according to the terms of the policy. Except as expressly admitted, Allmerica denies the allegations contained therein.

107. Answering Paragraph 134, Allmerica denies the allegations contained therein.

∥  ∥  ∥  ∥  ∥

108. Answering Paragraph 135, Allmerica admits that in 1990 Dalessio claimed that the two-year contestable period had run.  Except as expressly admitted, Allmerica denies the allegations contained therein.

109. Answering Paragraph 136, Allmerica states that the policy speaks for itself.  Except as expressly admitted, Allmerica denies the allegations contained therein.

110. Answering Paragraph 137, Allmerica denies the allegations contained therein.

111. Answering Paragraph 138, Allmerica denies the allegations contained therein.

112. Answering Paragraph 139, Allmerica denies the allegations contained therein.

113. Answering Paragraph 140, Allmerica states that the record speaks for itself.  Except as expressly admitted, Allmerica denies the allegations contained therein.

114. Answering Paragraph 141, Allmerica states that the policy speaks for itself.  Except as expressly admitted, Allmerica denies the allegations contained therein.

115. Answering Paragraph 138, Allmerica denies the allegations contained therein.

## **Affirmative Defenses**

### **First Affirmative Defense**

AS AND FOR A FIRST, SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that none of the alleged causes of action therein state facts sufficient to constitute a cause of action against Allmerica

### **Second Affirmative Defense**

AS AND FOR A SECOND SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that Dalessio has failed to mitigate his alleged damages, if any.

∥  ∥  ∥  ∥  ∥

### Third Affirmative Defense

AS AND FOR A THIRD SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that Dalessio's Counterclaim and each cause of action thereof is barred by the applicable provisions of the California *Code of Civil Procedure* on *Time of Commencing Actions* including, but not limited to, § 337(1), § 338(d) and § 340.

### Fourth Affirmative Defense

AS AND FOR A FOURTH SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that Dalessio's claims are barred in whole or in part to the extent that Dalessio's own conduct or fault caused or contributed to the claims and/or damages alleged in the Counterclaim on file herein.

### Fifth Affirmative Defense

AS AND FOR A FIFTH SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that this action is contrary to the terms of the Settlement Agreement and is therefore barred.

### Sixth Affirmative Defense

AS AND FOR A SIXTH SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that it has performed or has attempted to perform all of its promises, contractual obligations and duties owed to Dalessio.

### Seventh Affirmative Defense

AS AND FOR A SEVENTH SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that its actions with respect to Dalessio were reasonable under the law, taken in good faith and in accordance with all express terms of any contracts between them.

|| || || || ||
|| || || || ||

**Eighth Affirmative Defense**

AS AND FOR A EIGHTH SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that Dalessio's claims are barred by the doctrine of laches.

**Ninth Affirmative Defense**

AS AND FOR A NINTH SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that Dalessio's claims are barred by the doctrine of estoppel.

**Tenth Affirmative Defense**

AS AND FOR A TENTH SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that Dalessio's claims are barred by the doctrine of waiver.

**Eleventh Affirmative Defense**

AS AND FOR A ELEVENTH SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that the Dalessio's claims are barred in whole or in part to the extent that Dalessio has failed to perform all of his obligations under the contract.

**Twelfth Affirmative Defense**

AS AND FOR A TWELFTH SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that said Counterclaim is in bad faith, is designed only for the intention of avoiding the payment by Dalessio of amounts owed under the contract and therefore subjects Dalessio to Rule 11 sanctions.

**Thirteenth Affirmative Defense**

AS AND FOR A THIRTEENTH SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that Dalessio's Counterclaim, and each cause of action thereof, is barred and/or limited by virtue of the terms and conditions of the Settlement Agreement signed by Dalessio and Allmerica.

**Fourteenth Affirmative Defense**

AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that Dalessio's allegations about the claims handling, Dalessio's disability, and actions of Allmerica were already adjudicated to a jury verdict and final judgment and as such are subject to and barred by res judicata and/or collateral estoppel.

**Fifteenth Affirmative Defense**

AS AND FOR A FIFTEENTH THIRTEENTH SEPARATE AND DISTINCT ANSWER AND DEFENSE TO THE COUNTERCLAIM OF COUNTER-CLAIMANTS ON FILE HEREIN, Allmerica alleges that Dalessio's allegations about Court rulings are already final and not appealed timely and as such are subject to and barred by res judicata and/or collateral estoppel.

## Prayer

WHEREFORE, defendants pray for judgment, as follows:

1. That Dalessio take nothing by reason of his Counterclaim on file herein;
2. That Allmerica have and recover its costs of suit incurred herein;
3. That Allmerica have and recover its attorney fees incurred herein; and,
4. For such other and further relief as this Court may deem to be just and proper in the premise.

DATED: June 16th, 2008

SHANE & TAITZ

By: /s/ David R. Shane
David R. Shane
Attorneys for Plaintiff/Counter-Defendant COMMONWEALTH ANNUITY AND LIFE INSURANCE COMPANY f/k/a ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO.

# PROOF OF SERVICE BY MAIL

**Commonwealth Annuity, etc. vs. Dalessio, et al**.

I declare that I am employed in the County of Marin, State of California. I am over eighteen years and not a party to the within cause; my business address is Shane & Taitz, 1000 Drakes Landing Road, Suite 200, 2nd Floor, Greenbrae, California 94904-3027.

On June 18, 2008, I served upon the interested party/parties hereto the within document, described as:

**Answer [f Commonwealth Annuity and
Life Insurance Company f/k/a Allmerica
Financial Life Insurance and Annuity Company]
to Counterclaimv [of John Dalessio,
Rita Dalessio and the Dalessio Family (2003) Trust]**

by enclosing said document in a sealed envelope at Greenbrae, California. I am readily familiar with the firm's practice of collection and processing of items for mailing. Under that practice, each item is deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Greenbrae, California, during the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation/meter date is more than one day after date of deposit for mailing in affidavit. The item mailed is addressed, as follows:

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

This declaration was executed on June 18th, 2008 at Greenbrae, California.

/s/   Molly B. Libbey
Molly B. Libbey