IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMONWEALTH ANNUITY AND LIFE INSURANCE COMPANY, f/k/a ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO.,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN DALESSIO; RITA DALESSIO; and the DALESSIO FAMILY 2003 TRUST,<br><br>          Defendants.<br>_____/ | No. C 08-1739 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

   This matter comes before the Court on the motion of pro se Defendants John Dalessio and Rita Dalessio for summary judgment on Plaintiff's claim for breach of contract and for summary judgment of liability on their counter-claims.  Plaintiff Commonwealth Annuity and Life Insurance Co., f/k/a Allmerica Financial Life Insurance and Annuity Co., opposes the motion and cross-moves for

summary judgment in its favor on its claim and Defendants' counter-claims.  The matter was heard on June 18, 2009.  Having considered all of the papers filed by the parties and oral argument on the motion, the Court GRANTS IN PART Defendants' motion for summary judgment and DENIES IT IN PART and GRANTS IN PART Plaintiff's motion for summary judgment and DENIES IT IN PART.

## BACKGROUND

On January 26, 1996, Plaintiff initiated a civil action against Defendant John Dalessio in this District, <u>Allmerica Financial Life Insurance and Annuity Co. v. John Dalessio</u>, C 96-00385-VRW.  A trial of that case was completed on June 1, 2006, the jury finding for Plaintiff and awarding compensatory and punitive damages.  Judgment was entered on June 21, 2006, ordering that Plaintiff recover from John Dalessio $245,288.09 with interest from December 18, 1995 through entry of judgment; $300,000 in punitive damages; post-judgment interest on all sums; and costs of action.  (Complaint, Ex. B.)

On November 30, 2006, Plaintiff and John Dalessio executed a document entitled, "Settlement Agreement and General Release". (Complaint, Ex. A.)  The Agreement expressed the intent of the parties "to settle and dispose of, fully and completely, any and all claims, demands or causes connected with or incidental to the dealings between the parties hereto . . . ."  (<u>Id.</u> at 2, Section 2.3.)  The Agreement provided that John Dalessio would pay to Plaintiff $165,000 on execution of the Agreement and, one year after execution, $100,000 with accrued interest at the rate of six percent per annum.  (<u>Id.</u> at 3, Section 4.)  Further, "in the event

2

of a breach, Dalessio [would] also be responsible for attorney fees and costs incurred by Allmerica to enforce recovery . . . ." (Id. at 5, Section 4.) The Agreement also provided that "the parties agree to dismiss with prejudice the Action referenced in Paragraph 2.2 [the 1996 lawsuit]" and "[t]he parties warrant that they will dismiss with prejudice any claims or legal action filed against any of the parties released herein concerning the issues raised by the Action referenced in Paragraph 2.2 . . . ." (Id. at 3, Section 3; id. at 6-7, Section 5.9.)

John Dalessio made the first payment of $165,000 as specified in the Agreement. The second payment, $100,000 plus accrued interest, was due on November 30, 2007. John Dalessio has not made that payment. The parties to the Agreement have not dismissed the 1996 lawsuit with prejudice.

Plaintiff filed the complaint in this case on April 1, 2008, claiming breach of contract for John Dalessio's failure to make the second payment. The complaint named John Dalessio, his wife, Rita Dalessio, and the Dalessio Family 2003 Trust as Defendants. John and Rita Dalessio filed their answer on May 14, 2008 and also filed four counter-claims against Plaintiff and against third parties David Shane, Ann Sparkman and the Hon. Vaughn R. Walker.[1] The counter-claims allege fraud in the negotiations leading to the

---

[1] The answer and counter-claims purported to be filed on behalf of the Dalessio Family 2003 Trust as well as on behalf of John and Rita Dalessio. Because the Trust must appear through counsel, the Trust was declared to be in default on April 29, 2009 and the answer is deemed to be on behalf of John and Rita Dalessio alone. Unless otherwise indicated, the word "Defendants" in this order refers to John and Rita Dalessio.

3

Agreement, breach of the Agreement by Plaintiff and fraudulent misconduct both in the events that were at issue in the 1996 lawsuit and in the conduct of the trial of the 1996 lawsuit.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if it is supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

## DISCUSSION

I. Purported Admissions By Plaintiff

Defendants allege that Plaintiff has admitted numerous statements included in a Request for Admissions which Defendants served on Plaintiff. Defendants allege that Plaintiff did not timely respond to the request, and so the statements are deemed admitted. Fact discovery in this case was closed on March 31,

4

2009. (Minute Order and Case Management Order, September 26, 2008.) The Request for Admissions was served by mail on March 1, 2008. (J. Dalessio Dec., Ex. 5.) Federal Rule of Civil Procedure 36(a)(3) provides thirty days to respond to Requests for Admissions and Rule 6(d) provides an additional three days when service is made by mail. Thus, Plaintiff's response was not due until after completion of discovery. Civil Local Rule 26-2 provides: "Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." Because the Request for Admissions was not timely served and no good cause has been shown, the statements therein are not admitted.

## II. Plaintiff's Claim

Plaintiff asserts a single claim for breach of contract, and prays for damages of $100,000 for the second payment specified in the Agreement, accrued interest at six percent per annum, attorneys' fees as provided in the Agreement and costs of the instant suit. Plaintiff asserts this claim against three Defendants, John Dalessio, his wife, Rita Dalessio, and the Dalessio Family 2003 Trust.

### A. Plaintiff's Claim against Rita Dalessio and the Dalessio Family 2003 Trust

Defendants move for summary judgment in favor of Rita Dalessio and the Dalessio Family 2003 Trust, claiming that they are not appropriate parties to this action because they were not parties to the contract that Plaintiff alleges was breached. Plaintiff contends that both are proper parties because the Agreement

5


specifies that it applies to "[John] Dalessio and anyone connected to him, including his heirs, estate, assigns, family, representatives, successors, employees and agents . . . ." (Complaint, Ex. A at 1, Section 1.)  The Complaint makes a single boilerplate allegation concerning Rita Dalessio and the Trust:

> At all times herein mentioned, defendants, and each of them, were the agents and/or representatives of each of the remaining defendants, and in doing the things alleged herein, were acting within the course and scope of said agency and representation.  Plaintiff alleges on information and belief that each and every wrongful act complained of herein by defendants, and each of them, was done with the approval, express or implied, of each of the other defendants, and each defendant ratified and approved the acts and/or omissions of the other defendants.

(Complaint ¶ 10.)

Neither Plaintiff nor John Dalessio can bind non-parties, who have not consented to the bargain, to a contract.  Cal. Civ. Code § 1550 (consent is an essential element of a contract).  The consent of parties to a contract must be free, mutual, and communicated by each to the other.  Id. § 1565.  Despite its language, the Agreement is a contract only between Plaintiff and John Dalessio, the sole signatory parties. (Complaint, Ex. A at 9.)  Neither Rita Dalessio nor the Trust can be regarded as a party to the contract, so its terms create no obligation on their parts.

Because Rita Dalessio and the Trust were not parties to the Agreement, they cannot be held liable for breach of the Agreement. Defendants' motion for summary judgment on Plaintiff's claims

against Rita Dalessio and the Trust is granted.[2]  Plaintiff's motion for summary judgment on these claims is denied.

B. Plaintiff's Claim against John Dalessio

John Dalessio asserts that the Agreement required performance of the promise to dismiss the 1996 lawsuit before his second payment became due, that Plaintiff breached the contract by failing to cooperate with affirmative steps he took to initiate the dismissal, that this breach was material and that the breach relieves him of the duty to make the second payment.

In exchange for Plaintiff giving up its legal right to pursue the full judgment entered against John Dalessio in the 1996 lawsuit, John Dalessio agreed to make the payments described above, to abandon his post-trial motions and to abandon his right to appeal.  No language in the Agreement specifies that the second payment required of John Dalessio in Section 4 is contingent on the prior performance of the promise to dismiss which is made in Section 3 and repeated in Section 5.  John Dalessio's declaration asserts the importance of the dismissal to him and his reasons for insisting that it be part of the Agreement, but there is no evidence in the record that the second payment was intended by one or both parties to be contingent on the prior performance of the dismissal.  (J. Dalessio Dec. at 4, ¶ 17.)  If the dismissal were

---

[2] Plaintiff apparently included these Defendants as an aid to the execution of judgment against John Dalessio.  To the extent that John Dalessio's assets are community property or held in trust, it should not be necessary to name Rita Dalessio and the Trust as Defendants in order to execute the judgment, and John Dalessio has conceded as much.  If it is necessary, Plaintiff may later move to amend the judgment.

7

to occur before John Dalessio had made the second of the required payments and he subsequently failed to perform, Plaintiff would be without recourse to assert its legal right to pursue the full judgment entered on the 1996 case and would be deprived of the benefit intended by the Agreement.

The Court finds that John Dalessio's contractual duty to make the second payment to Plaintiff was not contingent upon prior dismissal of the 1996 lawsuit and that dismissal of the 1996 lawsuit is not required until John Dalessio has satisfied his payment obligations. Because dismissal is not yet due, Plaintiff has not breached the contract by its alleged failure to cooperate with John Dalessio to perform the dismissal.[3]

The Agreement required John Dalessio to make a payment of $100,000 plus interest to Plaintiff by November 30, 2007. John Dalessio did not make this payment and his excuse for the non-payment is not valid. Accordingly, the Court grants Plaintiff's motion for summary judgment against John Dalessio and denies John Dalessio's motion for summary judgment.

---

[3] John Dalessio did not know that Plaintiff had not perfected dismissal of the 1996 lawsuit before the date on which the second payment was due. There is no evidence that John Dalessio made any efforts to pursue the dismissal before the date the second payment was due. Thus, his breach of the contract by failing to make the second payment was not excused by any failure on Plaintiff's part to procure the dismissal at that time.
John Dalessio also alleges that Plaintiff has breached the contract by acting in bad faith. Because the promise to pay is not contingent on the promise to dismiss, the argument that bad faith is shown by failure to cooperate in the dismissal or intending not to dismiss the case before the second payment was due fails. The argument that bad faith is shown by Plaintiff's actions in this case, such as naming Rita Dalessio as a Defendant or putting the Agreement into evidence, fails because these actions were subsequent to John Dalessio's non-payment and cannot excuse it.

III. John Dalessio's Counter-Claims

The answer alleges four counter-claims in the name of "DALESSIO," which is defined collectively as John Dalessio, Rita Dalessio and the Dalessio Family 2003 Trust. However, the language of the allegations in the counter-claims makes it clear that it is John Dalessio who asserts the counter-claims,[4] so the Court will treat the claims as made in his name alone.

    A. Counter-claims Alleging Fraud

Three of the four counter-claims allege fraud on the part of Plaintiff. The first and second counter-claims allege that Plaintiff negotiated and executed the Agreement with an intent later to breach the Agreement by failing to dismiss the 1996 lawsuit and to bring the present action against John Dalessio. There is no evidence in the record, except the Agreement itself, concerning Plaintiff's intent during the negotiation of the Agreement or at the time the Agreement was executed. Specifically, there is no evidence of fraud on Plaintiff's part and summary judgment must be entered on these fraud claims.[5]

The fourth counter-claim alleges multiple instances of fraud, all involving the facts at issue in the 1996 lawsuit and the conduct of Plaintiff and third parties in that action. The

---

[4] For example, "DALESSIO'S reputation and he himself has mentally and physically suffered," makes sense only if read as an allegation by John Dalessio alone. (Answer ¶ 47.)

[5] Although John Dalessio points to a September, 2008 exchange of email between himself and counsel for Plaintiff as proof that Plaintiff never intended to dismiss the 1996 lawsuit, the email only speaks to Plaintiff's understanding of the dismissal question in 2008, not to Plaintiff's understanding of the dismissal question and Plaintiff's intentions during the negotiation of the Agreement.

principle of res judicata bars the allegations that were at issue in the prior action from being adjudicated in another lawsuit. An appeal of the prior action would have been the proper forum in which to raise the allegations related to the conduct of parties in that action. John Dalessio, having given up his right to appeal the prior action in the Agreement, may not raise those issues in this case.

Accordingly, the Court grants Plaintiff's motion for summary judgment on the first, second and fourth counter-claims and denies John Dalessio's motion for summary judgment on these counter-claims.

B. Counter-claim for Breach of Contract

The third counter-claim repeats the allegation that Plaintiff breached the Agreement by failing to dismiss the 1996 case and by initiating the current action. As discussed above, dismissal of the prior action is not yet due, so Plaintiff has not breached the contract by failing to dismiss. Furthermore, no language in the Agreement prevents Plaintiff from pursuing this action for John Dalessio's non-payment, so initiating this action was not a breach of the Agreement. Accordingly, the Court grants Plaintiff's motion for summary judgment on the third counter-claim and denies John Dalessio's motion for summary judgment on that counter-claim.

IV. Counter-Claim Against the Hon. Vaughn R. Walker

The Hon. Vaughn R. Walker is named as a Defendant in the fourth counter-claim. The allegations against him are related to his handling of the 1996 lawsuit. "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).

10

Accordingly, the counter-claim against the Hon. Vaughn R. Walker is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Defendants' motion for summary judgment and DENIES IT IN PART. (Docket No. 43.) Defendants' motion for summary judgment on Plaintiff's claim against Rita Dalessio and the Dalessio Family 2003 Trust is GRANTED. Defendants' motion for summary judgment on Plaintiff's claim against John Dalessio is DENIED. Defendants' motion for summary judgment on Defendants' counter-claims is DENIED.

The Court also GRANTS IN PART Plaintiff's motion for summary judgment and DENIES IT IN PART. (Docket No. 45.) Plaintiff's motion for summary judgment on its claim against John Dalessio is GRANTED. Plaintiff's motion for summary judgment on its claim against Rita Dalessio and the Dalessio Family 2003 Trust is DENIED. Plaintiff's motion for summary judgment on Defendants' counter-claims is GRANTED.

Defendants object to the declarations of Mark Stepakoff, David Shane and Thomas Kwasniak. (Docket No. 47 at 6-10.) Plaintiff objects to portions of John Dalessio's declaration. (Docket No. 48 at 8.) Because the Court did not rely on the evidence to which the objections are directed, the objections are OVERRULED as moot.

Some third party claims are variously asserted against David Shane, Ann Sparkman, and the Hon. Vaughn R. Walker. As noted above, the claim against the Hon. Vaughn R. Walker is DISMISSED with prejudice on the basis of judicial immunity. Within ten days of this order, Defendant John Dalessio shall submit proof that

11

1  David Shane and Ann Sparkman have been served with the summons and
2  complaint.  If service was not accomplished, or if service was
3  accomplished but not within the 120-day period specified by Federal
4  Rule of Civil Procedure 4(m), the claims against David Shane and
5  Ann Sparkman will be dismissed unless, within ten days of this
6  order, John Dalessio shows good cause why they were not timely
7  served.  If proof of service is shown, then also within ten days of
8  this order, Defendant John Dalessio may file a supplemental
9  opposition to Plaintiff's motion for summary judgment explaining
10 why summary judgment on the claims against David Shane and Ann
11 Sparkman should not be entered in their favor for the same reasons
12 that Plaintiff was granted summary judgment on the same claims
13 against it.
14     When the judgment in this case has been satisfied, the Court
15 will dismiss the 1996 case.
16     IT IS SO ORDERED.

20 Dated: 7/20/09

CLAUDIA WILKEN
United States District Judge

24 Copies mailed
   as noted on the following page

12

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMONWEALTH ANNUITY AND LIFE INSURANCE COMPANY et al, | Case Number: CV08-01739 CW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| DALESSIO et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 20, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Dalessio
Attorney at Law
16 Via Las Encinas
Carmel Valley, CA 93924

Dated: July 20, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

13